52 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Peter STEIN, a/k/a/ Seal A, Defendant-Appellant.
 No. 94-50420.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 4, 1995.
Decided April 17, 1995.
 
 Before: McKAY,* REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Peter Stein, a former Internal Revenue Service Auditor, appeals his conviction for receiving a bribe. We affirm.
 
 
 3
 (1) Stein's first claim is that the evidence was not sufficient to sustain the verdict. The elements of the crime are: (1) Stein demanded, sought, or received or agreed to receive something of value described in the indictment; (2) Stein was a public official at the time; and (3) Stein agreed to receive the item of value corruptly, in return for being influenced in the performance of an official act. See 18 U.S.C. Sec. 201(b)(2). There was ample evidence to support each of the elements. He was a public official, he did receive something of value, and, although he disputes it, a rational trier of fact could certainly reach the conclusion that he received the money for the corrupt purpose of tampering with his audit findings. See United States v. Peters, 962 F.2d 1410, 1414 (9th Cir.1992) (review standard); United States v. Hsieh Hui Mei Chen, 754 F.2d 817, 822 (9th Cir.), cert. denied, 471 U.S. 1139, 105 S.Ct. 2684, 86 L.Ed.2d 701 (1985) (corrupt intent).
 
 
 4
 (2) Stein also claims that the district court erred when it determined that he was an organizer or leader of the offense in question and added two points to his Guideline score. See U.S.S.G. 3B1.1(c) (Nov. 1993). But, again, the evidence supported the district court's determination that Stein was the centerpiece of this crime. He first brought the others together, the corrupt idea was his, the method of execution of the crime was his, and he received the majority of the corrupt payment, if not the whole of it. See United States v. Sanchez, 908 F.2d 1443, 1448 (9th Cir.1990). He contends that he is not really so bad; the real bad actor is his accomplice, Ross. The district court did not accept that. It was not required to.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Hon. Monroe G. McKay, Senior United States Circuit Judge, United States Court of Appeals for the Tenth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3